UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:22-cr-120 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| EZZARD CHARLES BROWN, | : | |
| | : | |
| Defendant. | : | |

**ENTRY AND ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE (DOC. NO. 28)**

This case is before the Court on the Motion for Compassionate Release (the "Motion") (Doc. No. 28), filed by Ezzard Charles Brown ("Brown"). Brown is currently incarcerated at the Butler County Jail in Ohio awaiting designation to a U.S. Bureau of Prisons (the "BOP") facility. He asks the Court for a compassionate release from his term of imprisonment. (*Id.*) Absent greater specificity, the Court interprets Brown's request as made pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as amended by § 603 of the First Step Act (FSA) of 2018 (P.L. 115-391). (*Id.*) Brown additionally requests that the Court release him pending designation by the BOP and allow him to self-surrender at a later date (*Id.* at PageID 144.) For the reasons discussed below, the Court **DENIES** Brown's Motion in all respects.

**I. BACKGROUND**

On October 6, 2022, the Government filed a criminal complaint alleging one count against Brown relating to the illegal possession of a firearm. (Doc. No. 1 at PageID 4.) On October 24, 2022, the Government filed a one count Bill of Information (the "Information") formally charging Brown with an offense related to the possession of illicit substances. (Doc. No. 15.) On December

1

15, 2022, pursuant to a plea agreement, Brown pleaded guilty to Count One of the Information, possession with intent to distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance. (Doc. Nos. 18 and 20.) The Statement of Facts attached to the Plea Agreement, signed by Brown and his attorney, states:

> On or about October 4, 2022, while in the Southern District of Ohio, the defendant EZZARD BROWN, while at his residence located at 531 Grafton Ave., Dayton, Ohio, knowingly and intentionally possessed certain substances and mixtures containing detectable amounts of Fentanyl, a Schedule II controlled substance and Heroin, a Schedule I controlled substance. These substances were in fact Fentanyl and Heroin. The specific amounts of drugs possessed by the Defendant was as follows: approximately 2.69 grams of Fentanyl and approximately 28.59 grams of Heroin. The chemical name for the subject Fentanyl is N-phenyl-N-(1 -(2- phenylethyl)-4- piperidinyl]. The Defendant possessed both of said controlled substances with the intent to distribute these to others for human consumption.

(Doc. No. 18 at PageID 61.)

Prior to sentencing, the Probation Office prepared a Presentence Report ("PSR") for Brown. (Doc. No. 24.) The PSR noted Brown's criminal history, which included violent offenses such as kidnapping, aggravated robbery, and aggravated burglary. (*Id.* at PageID 107.) Furthermore, the PSR reported that Brown underwent a number of surgeries between 2016-2021 that have caused him to experience chronic pain. (*Id.* at PageID 119-120.)

At sentencing in this case, the Court imposed a 30-month term of incarceration, three years of supervised release with special conditions, and a $100 special assessment. (Doc. Nos. 25 and 26.) Brown is 47 years old and is currently not in the BOP's custody. (*See* FEDERAL BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/inmateloc (last visited September 15, 2023).) Instead, Brown is currently incarcerated at Butler County Jail in Ohio awaiting the BOP's designation of a federal facility.[1]

---

[1] *See* Butler County Jail – Persons Currently in Custody, https://butler.miamivalleyjails.org/DEFAULT.ASPX?KZCMD=BACK&AGENCY_ID=65235&Jail=1&ADMIN=1&DOB=.null.&STARTDATE=9/18/2023%208:44:26%20AM&ENDDATE=9/17/20

Brown filed the present Motion on July 7, 2023.  (Doc. No. 28.)  The Government filed its response on August 10, 2023 (Doc. No. 29) and Brown did not file a reply.  The matter is ripe for review and decision.

## II.  ANALYSIS

As a preliminary matter to this analysis, the Court recognizes Brown's request for release pending designation by the BOP with the opportunity to self-surrender at a later date.  (Doc. No. 28 at PageID 144.)  Generally, courts are permitted to afford criminal defendants the privilege of self-surrender for service of a term of imprisonment.  *See* 18 U.S.C. § 3146(a)(2) (providing for punishments for failure to self-surrender as ordered); *see also* 18 U.S.C. § 3141(b) (providing that a court may order a release "pending imposition or execution of sentence").  However, a court's decision respecting self-surrender is wholly discretionary.  *United States v. Rainey*, 480 F. App'x 842, 845 (6th Cir. 2012).  Here, Brown was not allowed the privilege of self-surrender at sentencing and the Court sees no reason change course now.  In exercising this discretion, the Court finds that Brown is best served awaiting the BOP's designation at Butler County Jail where he can access medical care and vocational and rehabilitative resources.

Accordingly, the Court focuses its attention on Brown's request for a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

### A.  Legal Standards

Section 3582(c)(1)(A), colloquially known as the "compassionate release" statute, grants authority, in certain limited circumstances, to modify a term of imprisonment after it has been imposed.  It provides, in part:

---

23%208:44:26%20AM&Kzsearchpagecontrol1_PageNumber=0&NewsSearchControl_SortBy=PRIORITY&NewsSearchControl_PageNumber=0 (last visited September 18, 2023).

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).[2]

Therefore, a court may reduce a defendant's previously imposed term of imprisonment if it finds that three requirements are met: (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the § 3553(a) factors, to the extent that they are applicable, support the reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021). On the other hand, a court may deny a compassionate release motion when any of the three substantive requirements is lacking and need not address the others.[3] *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Moreover, while a court may reduce the term of imprisonment if all three requirements are met, it "need not do so." *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020) ("Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory").

---

[2] Subpart (ii) of this portion of the statute provides "a separate basis for compassionate release tied to the defendant's age and years in prison." *United States v. Ruffin, 978 F.3d 1000, 1003 (6th Cir. 2020)*.

[3] However, courts currently omit the second requirement when an incarcerated person, as opposed to the BOP, files a motion seeking a sentence reduction. *Lemons*, 15 F.4th at 749. The Sixth Circuit has explained that, "where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry"—at least until the Sentencing Commission updates § 1B1.13 of the United States Sentencing Commission Guidelines Manual to reflect the First Step Act. *United States v. Jones*, 980 F.3d 1098, 1009-1111 (6th Cir. 2020) (explaining that passage of the First Step Act rendered § 1B1.13 inapplicable to cases where an imprisoned person files a motion for compassionate release).

Regarding the third requirement, "§ 3582(c)(1)(A) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (internal quotation marks omitted and alterations adopted); *see also United States v. Wright*, 991 F.3d 717, 719 (6th Cir. 2021) ("[d]istrict courts may place great weight on one sentencing factor when that weight is warranted") (internal quotation marks omitted). The factors set forth in Section 3553(a) consider such things as the nature of the offense, the circumstances of the offense, the history of the defendant, the characteristics of the defendant, "and various penological goals, such as the need to promote respect for law and to protect the public," as well as to reflect the seriousness of the offense, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020); *see also* 18 U.S.C. § 3553(a).

### B. Application

Brown asks the Court to grant him a compassionate release based on his medical condition and family issues. (Doc. No. 28.) Specifically, Brown cites his chronic pain as justification for a compassionate release.[4] (*Id.* at PageID 143.) Additionally, Brown submits that a compassionate release is necessary to avoid substantial financial hardship for his immediate family. (*Id.*)

In response, the Government makes three arguments. First, the Government states that Brown's request is barred because he failed to exhaust administrative remedies before filing the

---

[4] Brown alleges open wounds on his palms but provides no medical records verifying or describing the condition. (Doc. No. 28 at PageID 143.) The Court makes no finding as to whether such a condition would constitute an extraordinary and compelling circumstance for purposes of 18 U.S.C. § 3582(c)(1)(A)(i). Rather, the Court disregards Brown's alleged condition as an extraordinary and compelling circumstance absent verifiable medical records. *United States v. Mackety*, 854 Fed. App'x. 36, 38 (6th Cir. 2021) (holding that the district court did not abuse its discretion when it denied defendant's claims of extraordinary and compelling circumstances for lack of medical records).

instant Motion. (Doc. No. 29 at PageID 148.) Second, the Government contends that neither Brown's chronic pain nor his family's financial status are extraordinary and compelling circumstances within the meaning of 18 U.S.C. § 3582(c)(1)(A)(i). (*Id.* at PageID 151.) Third, the Government argues generally that granting Brown a compassionate release would contradict the sentencing factors under 18 U.S.C. § 3553(a). (*Id*. at PageID 151-152.) Brown did not file a reply.

1. **Exhaustion of Administrative Remedies**

Section 603(b) of the First Step Act, which was signed into law on December 21, 2018, modified 18 U.S.C. § 3582 to allow a defendant to bring a motion on his or her own behalf either "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); Pub L. No. 115-391, 132 Stat. 5194; *see also United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020); *Ruffin*, 978 F.3d at 1004 ("defendants now may bring reduction-of-sentence motions on their own once they exhaust any administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons"). The exhaustion requirement contained in § 3582(c)(1)(A) is jurisdictional and cannot be waived, even due to emergencies such as the COVID-19 pandemic. *Alam*, 960 F.3d at 835 ("[i]t does not follow that Congress meant to excuse prisoners' failure to follow an exhaustion requirement that it deliberately added in the same amendment"); *United States v. Forrest*, No. 2:17-cr-158, 2020 U.S. Dist. LEXIS 79674, at *2 (S.D. Ohio May 6, 2020). "The exhaustion requirement is a mandatory claims-processing rule that must be enforced if raised by the government," as it was here. *United States v. Patterson*, No. 21-

3039, 2021 U.S. App. LEXIS 27754, at *5, 2021 WL 6339640 (6th Cir. Sept. 15, 2021) (citing *Alam*, 960 F.3d at 833-34).

Brown has simply not requested a compassionate release through the BOP. In fairness, Brown is not in the BOP's custody. However, the jurisdictional requirement that Brown exhaust administrative remedies before turning to the Court is unsatisfied nonetheless. Therefore, the Court denies the Motion without prejudice because Brown has failed to exhaust his administrative remedies.

### 2. Section 3582 Considerations

Even if Brown had exhausted his administrative remedies here, he still could not satisfy the requirements of Section 3582. The Court addresses each of the three requirements, as set forth above, in turn.

Regarding the first requirement, courts may not repackage facts that existed at the time of sentencing as extraordinary and compelling. *United States v. Hunter*, 12 F.4th 555, 569 (6th Cir. 2021) ("Section 3582(c)(1)(A) precludes a court from simply taking facts that existed at sentencing and repackaging them as "extraordinary and compelling."). To do so would render "the general rule of finality and the extraordinary-and-compelling-reasons requirement superfluous, void or insignificant." *Id.* (citing *Corley v. United States*, 556 U.S. 303, 314, 129 S. Ct. 1558 (2009) (internal citations omitted)) (internal quotation marks omitted). In the present case, Brown cites his chronic pain as an extraordinary and compelling circumstance for purposes of his Motion. (Doc. No. 28 at PageID 143.) Further, Brown states that his family will suffer great financial hardship if he is not granted a compassionate release. (*Id.*) Simply put, these facts existed at the time Brown was sentenced in March of 2023. Even if the Court could otherwise consider Brown's circumstances extraordinary and compelling within the traditional meaning of Section 3582, the

Court cannot repackage these facts now as extraordinary and compelling reasons to justify granting Brown a compassionate release. Thus, Brown cannot satisfy the first Section 3582 requirement.

Regarding the second requirement, given that Brown (an incarcerated person) filed the Motion, the Court "may skip"—and does skip—this step, in accordance with the Sixth Circuit's *Jones* decision. *Jones*, 980 F.3d at 1111.

Regarding the third requirement, the Court has considered the Parties' arguments and the Section 3553(a) factors to the extent that they are applicable. 18 U.S.C. § 3582(c)(1)(A)(i). This includes the Court's consideration of Brown's history and characteristics. *See* 18 U.S.C. § 3553(a)(1).

Yet, the "nature and circumstances of the offense" alone do not favor early release. *See* 18 U.S.C. § 3553(a)(1); *see also Wright*, 991 F.3d at 719 ("district courts have wide latitude to deny compassionate release based on the seriousness of the underlying offense," such that "[s]o long as the district court considers the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority, it is not an abuse of discretion to deny compassionate release based on the seriousness of the offense") (internal quotation marks omitted).

The offense for which Brown is currently incarcerated involved the possession of fentanyl and heroin. (Doc. No. 39 at PageID 127-128.) Heroin and fentanyl are both dangerous, and potentially lethal, controlled substances. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(2)(C); *see also United States v. Morales-Medina*, No. 3:16-cr-00039, 2021 U.S. Dist. LEXIS 90270, at *16, 2021 WL 1909708 (S.D. Ohio May 12, 2021) ("Both heroin and fentanyl are dangerous, and potentially lethal, controlled substances"); *United States v. McBeath*, No. 3:15-cr-00169-1, 2021 U.S. Dist. LEXIS 66214, at *14, 2021 WL 1267529 (S.D. Ohio Apr. 6, 2021) (heroin and fentanyl "are dangerous, potentially lethal, controlled substances"); *United States v. Harris*, 774 F. App'x 937,

8

941 (6th Cir. 2019) (quoting the United States Sentencing Commission in U.S.S.G. App. C, amendment 807 (2018) concerning U.S.S.G. § 2D1.1 as stating that, "[b]ecause of fentanyl's extreme potency, the risk of overdose is great, particularly when the user is inexperienced or unaware of what substance he or she is using"); *United States v. Taylor*, 449 F. Supp. 3d 668, 673 (E.D. Ky. 2020) (fentanyl is "an exceptionally dangerous drug"). This weighs strongly against a sentence reduction. *United States v. Marshall*, No. 18-cr-20491, 2020 U.S. Dist. LEXIS 162919, WL 5369038, at *3, 2020 (E.D. Mich. Sept. 8, 2020) (noting that fentanyl is an extremely potent and dangerous drug and, thus, the nature of fentanyl-related offenses "weighs significantly against release").

The Court finds that the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant do not favor early release. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). The Court fashioned Brown's sentence for these purposes. Indeed, Brown committed the underlying offense here in violation of a five-year term of probation imposed by the Court in 2019. A sentence reduction here would, in substantial part, contradict the Court's efforts to impart onto Brown the seriousness of his offense and promote respect for the law.

Having considered the Parties' arguments and the factors set forth in Section 3553(a) to the extent that they are applicable, the Court finds that reduction in the term of imprisonment is not warranted. Hence, even if the first two requirements of Section 3582 were met, the Court finds that consideration of the applicable Section 3553(a) factors does not support granting a reduction. *Ruffin*, 978 F.3d at 1008 (the Sixth Circuit has "repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise

9

justify relief"); *United States v. Harvey*, 996 F.3d 310, 312-15 (6th Cir. 2021); *Wright*, 991 F.3d at 720.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** the Motion for Compassionate Release (Doc. No. 28) in all respects.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, September 20, 2023.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
